CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

FEB 0 1 2007

JOHN F. CORCORAN, CLERK
BY: /s/ J. Bright
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES PAUL ANDREW STILLWELL, )<br>Petitioner, )<br>)<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | Civil Action No. 7:06CV00626<br>Crim. No. 1:04CR00010<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner, James Paul Andrew Stillwell, proceeding *pro se,* brings this action as a motion to vacate, modify, or correct sentence pursuant to Title 28 U.S.C. § 2255. Stillwell challenges the validity of his 2004 convictions and resulting sentence for conspiracy to distribute marijuana, possession of a firearm in furtherance of a drug trafficking offense, possession of a firearm while being an unlawful user of a controlled substance, and possession of a stolen firearm. The court ordered the United States to respond to the initial petition and a motion to dismiss was filed on December 22, 2006. The court notified Stillwell of Respondent's motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and warned Stillwell that judgment might be granted for the Respondent if he did not respond to the motion by filing affidavits or other documents contradicting the government's evidence or otherwise explaining his claims. Stillwell never responded. However, the time allotted for his response has expired, making the matter ripe for the court's consideration. After reviewing the record, the Court concludes that Stillwell is not entitled to relief under § 2255.

### I. Procedural History

On August 3, 2004, a federal grand jury in the Western District of Virginia returned a six

1

count second superseding indictment against Stillwell and a co-defendant. The indictment specifically charged Stillwell with: conspiracy to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 846 (Count One) ; possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C.§ 924(c)(1) (Count Two); possession of a firearm while being an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3) (Count Three); and possession of a stolen firearm, in violation of 18 U.S.C. § 922(j) (Count Five).

The trial court appointed Sol Z. Rosen to represent Stillwell. Stillwell filed motions to dismiss the indictment, suppress statements, and to sever defendants. Oral arguments were heard by the trial court on June 3, 2004, and the motions were subsequently denied. The Honorable Glen M. Williams presided over the trial from August 9 to August 11, 2004. The jury found Stillwell guilty of all applicable counts of the second superseding indictment. Motions for a new trial and to vacate the judgment were filed on September 13, 2004, by Stillwell and were subsequently denied.

On November 3, 2004, the court sentenced Stillwell to 84 months on Counts One, Three, and Five, to run concurrent, and 60 months on Count Two, to run consecutive to Counts One, Three, and Five. This resulted in a total term of imprisonment of 144 months. Stillwell appealed on November 10, 2004, raising five issues: (1) there was insufficient evidence on all counts to convict; (2) the district court abused its discretion in denying his motion to sever; (3) the district court erred by admitting statements made by him at police headquarters contrary to Miranda v. Arizona, 384 U.S. 436 (1966); (4) the district court erred in a pretrial ruling based on Fed. R. Evid. 104(d); and (5) the district court abused its discretion in giving a charge to the jury under

Allen v. United States, 164 U.S. 492 (1896). On March 7, 2006, the Fourth Circuit Court of Appeals affirmed Stillwell's convictions in an unpublished per curiam opinion. United States v. James Paul Andrew Stillwell, 170 Fed. App'x 283 (4th Cir. 2006).

## II. Claims

On October 20, 2006, Stillwell filed this § 2255 motion. Stillwell's motion to vacate, set aside, or correct his sentence is based on four claims: (1) statements made during an interview between Stillwell and an investigating officer were improperly introduced at trial because they were made in violation of Stillwell's rights under Miranda v. Arizona, 384 U.S. 436 (1996), and were made without counsel; (2) the government was ordered to disclose certain handwritten notes pertaining to that interview and failed to do so; (3) Stillwell was denied effective assistance of counsel because counsel failed to allow Stillwell to cross-examine his co-defendant; and (4) a government witness, Mr. C. Hildreths, testified that he did not meet Stillwell until the year 2000, thus contradicting the government's contention that Stillwell was involved in a drug conspiracy with Hildreths from 1998 through 2001.

The government has moved to dismiss Petitioner's § 2255 motion and contends that the first, second, and fourth claims are merely restatements of issues raised on direct appeal. The government also argues that Petitioner has procedurally defaulted on his third claim concerning ineffective assistance of counsel because he failed to raise the claim in direct appeal proceedings.

## III. Analysis

### A.

In the Fourth Circuit, questions or issues previously considered on direct appeal from a federal prisoner's conviction cannot be reconsidered on a § 2255 motion. See, e.g., U.S. v. Roan,

3

378 F.3d 382, 396 (4th Cir. 2004) (citing Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (holding that claims by defendants that had already been addressed and rejected on direct appeal could not be raised in their motions to vacate sentence, where no intervening change warranted reconsideration of claims); Jones v. U.S., 364 F.2d 502 (4th Cir. 1966) (finding that where claims on motion for vacation of sentence involved issues touching upon guilt or innocence and had been fully litigated previously at trial and on appeal to federal court of appeals, district court properly refused to inquire into such claims); Sanders v. U.S., 230 F.2d 127 (4th Cir. 1956) (finding that statute providing for motion to vacate, set aside or correct sentence cannot be used to retry case or to raise questions which might have been raised upon appeal).

Because Stillwell's first and fourth § 2255 claims were issues previously considered on direct appeal and Stillwell suggests no intervening change that warrants reconsideration of claims, they will not be considered.[1] Stillwell's first claim, that interview statements were improperly admitted is directly parallel to his third claim on appeal. Stillwell's fourth claim, concerning contradictory evidence, falls under his first claim on appeal that there was insufficient evidence on all counts to convict. Stillwell is simply trying to recast, under the guise of collateral attack, an issue that was already fully considered by the Fourth Circuit Court of Appeals. See Boeckenhaupt, 537 F.2d at 1183. Therefore, because these issues were addressed on direct appeal, the Petitioner cannot raise them again in this § 2255 proceeding.

---

[1] The court notes that Stillwell's second claim, that the government failed to disclose certain handwritten interview notes, is factually inaccurate and inconsistent with the record; therefore, it also will not be considered. The transcript clearly indicates that the judge did not order the special agent to disclose the handwritten notes that were incorporated into his formal prepared report. [Pretr. Mot. Tr. 11, 31-32; Trial Tr. II. 215-216]

4

**B.**

Stillwell contends that his attorney's refusal to call Stillwell's co-defendant, Mr. Hess, to the stand to question him about the content of certain letters, resulted in a denial of effective assistance of counsel. Stillwell asserts that the letters contained information about "alleged crimes" and his "involvement" and claims that he was denied the right to cross-examine Mr. Hess on these matters. [Pet'r Mem. at 5] The government argues that Stillwell procedurally defaulted his third claim that he was denied effective assistance of counsel because he failed to raise the claim in direct appeal proceedings. This argument has no merit as a federal habeas petitioner may bring an ineffective assistance claim in § 2255 proceedings whether or not he could have raised the claim on direct appeal. Massaro v. United States, 538 U.S. 500, 504, 123 S. Ct. 1690 (2003). Even so, the court concludes that Stillwell fails to make the requisite showing of deficient performance or prejudice as required to succeed in an ineffective assistance of counsel claim.

The "benchmark for judging a claim of ineffective assistance of counsel is 'whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" Jeffers v. Leeke, 835 F.2d 522, 524-525 (4th Cir. 1987) (quoting Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). To prevail on an ineffective assistance of counsel claim, a habeas corpus petitioner must satisfy the two-pronged test set forth in Strickland. First, Petitioner must show "that counsel's performance was deficient," meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, Petitioner must show "that the deficient performance

5

prejudiced the defense" to the extent that he was deprived of a fair trial. Id. The prejudice prong requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. This two-part test promulgated by Strickland is also referred to as the "performance" and "prejudice" components. U.S. v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999) (citing Fields v. Attorney General of the State of Maryland, 956 F.2d 1290, 1297 (4th Cir. 1992)). The court will first address the prejudice prong of the Strickland test because if Stillwell cannot demonstrate the requisite prejudice, the court need not even consider the performance prong. Luchenburg v. Smith, 79 F.3d 388, 391 (4th Cir. 1996) (citing Strickland, 466 U.S. at 697).

Stillwell essentially argues that he was denied effective assistance of counsel because counsel failed to call Mr. Hess to the stand and refused to allow Mr. Stillwell to cross-examine him. Regardless of the well-established norm that Stillwell, represented by counsel, would not be allowed to cross-examine Mr. Hess personally, he still fails to allege a reasonable probability that the result would have been different had Mr. Hess been called to the stand. Stillwell alleges no specific exonerating evidence that this witness would have testified to and makes only vague references to "letters" with no indication as to their content. Thus, the court finds that Stillwell has failed to carry his burden of proving that his counsel's actions or alleged omissions prejudiced him and deprived him of a fair trial.

## IV. Conclusion

Accordingly, the court will not consider Stillwell's first and fourth claims as they have already been addressed and rejected on direct appeal. Stillwell's second claim is determined to

6

Case 7:06-cv-00626-JCT-mfu   Document 7   Filed 02/01/07   Page 6 of 7   Pageid#: 40

be factually inaccurate and will also not be considered. Stillwell's third claim fails under the <u>Strickland</u> analysis as Stillwell has failed to show prejudice resulting from the errors of which he complains. The government's motion to dismiss will be **granted** and an appropriate Order issued this day.

**ENTER:** This 31st day of January, 2007.

*James C. Turk*
Hon. James C. Turk
Senior United States District Judge